**UNITED STATES of America,**

v.

**John R. WARD, a/k/a "Billy Ward," Defendant.**

**Crim. No. 92–88–N.**

United States District Court, E.D. Virginia, Norfolk Division.

March 3, 1993.

Nunc Pro Tunc Dec. 16, 1992.*

Ronald Batliner, Sp. Asst. U.S. Atty., Norfolk, VA, for U.S.

Samuel W. Meekins, Jr., Virginia Beach, VA, for defendant.

---

* At the conclusion of the sentencing hearing, the court reserved the option to file a written opinion at a later date. Given the importance of this issue and the lack of authority thereon, the court has elected to exercise this option.

## MEMORANDUM OPINION

REBECCA BEACH SMITH, District Judge.

Defendant, John R. Ward, was convicted of conspiracy to distribute and possession with intent to distribute cocaine and "crack" cocaine in violation of 21 U.S.C. § 846, two counts of possession with intent to distribute "crack" cocaine in violation of 21 U.S.C. § 841(a)(1), possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), distribution of "crack" cocaine in violation of 21 U.S.C. § 841(a)(1), and, finally, distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). He was sentenced for these offenses on December 16, 1992.[1]

At sentencing, this court found as a fact that defendant was criminally responsible for 6.5 kilograms of powder cocaine and 27 kilograms of "crack" cocaine. The court reached this conclusion after determining that the defendant could have reasonably foreseen that he or his co-conspirators distributed these amounts of drugs and that the drugs were distributed in furtherance of the conspiracy. United States Sentencing Commission, *Guidelines Manual*, § 1B1.3(a) (Nov. 1992). In addition, the court imposed a 3–level enhancement for defendant's role in the offense, U.S.S.G. § 3B1.1(b), increasing defendant's total offense level to 45, which under the guidelines mandated the imposition of a life sentence.

The court, however, did not impose a life sentence. Instead, the court departed downward under the guidelines based upon the combination of defendant's criminal history and his age. Defendant was 49 years old with a Criminal History Category of I. His Presentence Report indicated no juvenile or adult criminal convictions for purposes of his guideline sentence calculations and showed only four minor traffic infractions. Otherwise, his background was devoid of criminal conduct.

While awarding defendants generally and this defendant individually some credit for leading relatively crime-free lives, the Criminal History Category of the Sentencing Guidelines does not account for the length of time a particular defendant refrains from criminal conduct. Thus, for example, the guidelines do not distinguish between a nineteen-year-old and a sixty-year-old, both of whom have led crime-free lives and consequently are assigned the same low Criminal History Category. In other words, the nineteen-year-old and the sixty-year-old receive the same credit under the Sentencing Guidelines for their criminal history, because the longevity of the sixty-year-old's criminal history is not taken into account. Although "age [by itself] is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range," U.S.S.G. § 5H1.1, the length of time a person refrains from the commission of crimes, which is invariably tied to a person's age, is a factor that is critical to a court's determination of the sentence it should impose. Because of the guidelines' failure to consider this factor, U.S.S.G. § 5K2.0 authorized the downward departure in this case.[2]

Accordingly, an aggregate sentence of 300 months was imposed upon defendant John R. Ward.[3] This sentence was adequate to punish this defendant for acting as a deliverer and manager in a drug conspiracy and for possessing a firearm during the commission of this offense. The sentence was also imposed in order to deter such future conduct

---

1. *See infra* note 3.

2. Section 5K2.0 states:

    Under 18 U.S.C. § 3553(b) the sentencing court may impose a sentence outside the range established by the applicable guideline, if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."

3. The court sentenced defendant to a term of imprisonment of 240 months for each of the five convictions involving drugs alone. The court ordered that the sentences on these counts run concurrently. Additionally, the court sentenced defendant to a mandatory minimum, consecutive term of imprisonment of 60 months for his conviction of possession of a firearm during a drug trafficking crime.

on the part of others and on the part of this defendant.

It is so ORDERED.